THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
_____/

AARON DANIEL CUMMINS and
WET HOUSE, LLC,

      Case No.

  - Plaintiffs -

  v.

ANTHRAX, GLOBAL MERCHANDISING
SERVICES, ROCKABILIA (dba INFINITY 1) LLC,
NO MUSIC NO LIFE LLC, SCOTT IAN,
CHARLIE BENANTE, FRANK BELLO,
JOEY BELLADONA, JONATHAN DONAIS, and
DOES 1-15, INCLUSIVE,

  - Defendants -
_____/

## COMPLAINT

Aaron Daniel Cummins ("Cummins") and Wet House, LLC ("Wet House") (collectively, "Plaintiffs"), as and for their complaint against Anthrax, Global Merchandising Services, Rockabillia (dba Infinity 1) LLC, No Music No Life LLC, Scott Ian, Charlie Benante, Frank Bello, Joey Belladonna, Jonathan Donais and Does 1-15 (collectively, "Defendants") state as follows:

### PARTIES, JURISDICTION AND VENUE

1. This case arises under the United States Copyright Act, 17 U.S.C. § 101 *et. seq.*, federal and state law prohibiting infringement, unfair trade practices, unfair competition, misappropriation of intellectual property and tortious interference with business expectancies.

2. This Court has jurisdiction under 28 U.S.C. § 1338. Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

3. Wet House, LLC ("Wet House") is a limited liability company duly organized under the laws of Michigan.

4. Aaron Daniel Cummins ("Cummins") is a natural person, principal and owner of Wet House, and is an internationally-recognized artist, designer and manufacturer.

5. Plaintiffs design, manufacture, market and sell original works of art and design, including works displayed on wearing apparel, with a principal place of business in the City of Detroit, State of Michigan.

6. Plaintiffs have created, designed and sold tens of thousands of original works of art, many displayed upon wearing apparel and textiles which are protected under common law and/or registered under the United States Copyright Act.

7. Anthrax is a musical/entertainment group and its individual members have ownership interests/contractual/business relationships with/in the corporate defendants named in this complaint.

8. Defendant Global Merchandising Services is a foreign corporation, which has transacted, and continues to transact, business in Michigan.

9. Upon information and belief, Defendant Rockabilia LLC (DBA Infinity 1), is a foreign corporation, which has transacted and continues to transact business in Michigan.

10. Upon information and belief, No Music No Life, LLC is a foreign corporation, which has transacted and continues to transact business in Michigan.

11. Upon information and belief, Scott Ian, Charlie Benante, Frank Bello, Joey Belladonna are Jonathan Donais are natural persons, members of the musical/entertainment group Anthrax, and hold ownership in and/or management

interests in and/or have contractual relationships with the herein-named business entities, which market and promote the musical group Anthrax.

12. The activity of the Defendants includes but is not limited to the creation, production marketing and sale of products bearing the name Anthrax and other materials related to and promoting the musical group Anthrax.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as "Does 1 through 15," are unknown to Plaintiffs, who therefore sue said defendants by fictitious names (the "Doe Defendants"). Plaintiffs will seek leave of Court to amend this complaint to state their true names and capacities when they are ascertained.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

14. Plaintiffs repeat each allegation set forth in the preceding paragraphs as if set forth herein.

15. Plaintiffs bring this action to seek an immediate halt to, and damages for, Defendants' willful infringement of Plaintiffs' copyrighted work.

16. On or about September 1, 2012, Plaintiffs created a whimsical, original work of art and design, which was subsequently reproduced upon, *inter alia*, wearing apparel. This work is marketed and publicly known throughout the United States and foreign jurisdictions as **The Ugly Hanukkah Sweater** ("The Sweater.")

17. Plaintiffs did in fact publish, reproduce, market, advertise, offer for sale and sell The Sweater and the publication, reproduction, marketing, advertisement and sale is a matter of public record. On March 22, 2013 this original design was

registered with the United States Copyright Office under copyright registration number VA0001947311.

18. Since before November 2012, Plaintiffs have published and have been and are the sole owners of all right, title and interest in and to the copyright and the reproduction of its original design of The Sweater.

19. Plaintiffs have exclusively manufactured and printed the original design that comprises The Sweater upon wearing apparel, and have continually produced such works bearing the imprint of the copyrighted reproduction design registration number VA0001947311 for sale and has sold same to the public in interstate commerce.

20. Plaintiffs have complied with the Federal Copyright Act, 17 U.S.C. §101 (the "Act") as amended, and all laws governing copyright.

21. Plaintiffs have never granted Defendants a license to reproduce the design of The Sweater, nor have Plaintiffs authorized or in any way permitted Defendants' use of the work, which use is solely an unauthorized and unlawful infringement.

## AS AND FOR A FIRST CAUSE OF ACTION
**Willful Copyright Infringement**

22. Plaintiffs repeat each allegation set forth in the preceding paragraphs as if set forth herein.

23. Beginning in or about September, 2015, and continuing to the present date, Defendants manufactured and/or caused to be manufactured, published, sold, offered for sale, or otherwise marketed products bearing The Sweater design created by and owned by Plaintiff.

4

24. A true and accurate reproduction of Plaintiffs' copyrighted work is attached as **Exhibit "1"**.

25. By way of example, a copy of Defendants' infringing reproduction of the work is attached as **Exhibit "2"**. (*See* Defendants' infringing design, published, offered for sale and viewable here: http://www.rockabilia.com/browse/artists-groups/a/anthrax/anthrax-hanukkah-sweatshirt-272587.html, *viewed December 12, 2015*).

26. Plaintiffs have gone to great expense in developing the copyrighted design for The Sweater, in marketing and promoting the sale of The Sweater, and in establishing it as a publicly-known work throughout the world.

27. Defendants have infringed Plaintiffs' copyright, causing Plaintiffs' damages as set forth under 17 U.S.C. §§ 504(a) – 504(d).

28. Plaintiffs have suffered actual damages in the form of lost sales, loss of good will, loss of market share and dilution of its brand and design.

29. As a result, defendants are liable to Plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION
**Unfair Trade Practices/Unfair Competition –15 U.S.C. § 1125,** *et. seq.*

30. Plaintiffs repeat each allegation set forth in the preceding paragraph's as if set forth herein.

31. Plaintiffs created, published, developed and marketed the above-mentioned design.

32. As a result of Plaintiff's expenditure of capital and skill in the development and promotion of its copyrighted design, its design has acquired a substantial market value and public goodwill.

33. Defendants' infringing design is copied from Wet House's design and has caused, and will continue to cause, confusion.

34. Defendants' infringing copy of Plaintiffs design is inferior in quality and has caused a diminution of Plaintiffs' business reputation and public goodwill.

35. Defendants' infringing design misrepresents the nature, characteristics, qualities and/or geographic origin of Defendants' goods and services, and the sale of the infringing design has caused Wet House damages.

36. Defendants are therefore liable to Plaintiffs for damages.

### THIRD CAUSE OF ACTION
### Unfair Competition –Common Law

37. Plaintiffs repeat each allegation set forth in the preceding paragraphs as if set forth herein.

38. Defendants have simulated, for the purpose of deceiving the public, the symbols, devices and designs employed by Plaintiffs.

39. Defendants have substituted their goods for those of Plaintiffs', falsely inducing the purchase of their goods and obtaining for themselves the benefits properly belonging to Plaintiffs.

40. Defendants have, by imitation and unfair device, induced the public to purchase their goods as if they were those belonging to Plaintiffs, and have appropriated to themselves the value of the goodwill and reputation which Plaintiffs have acquired for their own goods and designs.

41. Defendants, by their acts as set forth above, have taken advantage of the knowledge, skill and innovation of Plaintiffs, and of the goodwill developed by

Wet House, and have capitalized on the market created by Wet House for its design.

42. By the use of an infringing design, Defendants have been and will be able to pass off and sell their goods as a substitute for the goods made by Plaintiffs bearing the design protected by copyright and common law.

43. By offering for sale their copy of the design at the same time Plaintiffs were selling the design/work, Defendants have created and taken advantage of confusion of the design in the trade, to their profit.

44. Defendants have misappropriated Plaintiffs' good will and the benefits of Plaintiffs' skill and expenditures in the development and promotion of the distinctive design.

45. These actions by Defendants in publishing, distributing, manufacturing, causing to be manufactured, offering for sale, and/or selling copies of Wet House's copyrighted design constitute infringement, inequitable conduct, unfair trade practices and unfair competition.

46. Defendants have caused irreparable injury to Wet House, in that its market has been reduced, its profits loss and its brand and design diluted, which injury will continue so long as Defendants continue to market and sell the copied design.

47. Defendants are therefore liable for unfair competition and unfair trade practices under Federal law and Michigan's common law.

**FOURTH CAUSE OF ACTION**
**Tortious Interference with Contractual or Business Relationship**

48. Plaintiffs repeat each allegation set forth in the preceding paragraphs as if set forth herein.

49. Plaintiffs' business relationships and expectancies with prospective buyers of the clothing and textiles bearing its copyrighted design would have resulted in economic benefit for defendants, but for Defendants' actions.

50. Defendants intentionally and unlawfully interfered with the business relationships and expectancies between Plaintiffs and prospective purchasers.

51. As a direct result, Plaintiffs have suffered economic injury and loss of business opportunities, including, but not limited to, sales and the ability to invest the proceeds from sales and receive earnings on those proceeds, the ability to licenses the copyrighted design to other parties, the ability to transact work with other parties, attorney fees and court costs and other expenses.

52. Defendants are therefore liable to Plaintiffs for damages.

**WHEREFORE**, Plaintiffs request:

A. Defendants, their agents, employees and servants, be enjoined *pendente lite* and permanently from infringing Plaintiffs copyrighted work in any manner, and be enjoined from publishing, distributing, manufacturing, causing to be manufactured, selling, marketing, or otherwise disposing of any textiles or other products displaying a design copied from Wet House's works; and

B. Defendants be required to pay to Wet House statutory, actual and punitive damages for each willful infringement, in the amount not less than $500,000.00, such amount be subject to amendment based on discovery in the course of litigation; and

C.  All gains, profits and advantages derived by Defendants from the infringement of Plaintiffs' copyright and/or such damages as to the court shall appear proper within the provisions of the copyright statutes and applicable common law; and

D.  Damages for all gains, profits and advantages derived by Defendants through its unfair trade practices and unfair competition; and

E.  Punitive and special damages in an amount not less than $500,000.00; and that

F.  Defendants be required to deliver up to be impounded during the pendency of this action all copies of the above-mentioned reproduction of Plaintiffs' design in their possession or under their control, and to deliver up for destruction all infringing copies and all rollers, screens, plates, molds (physical and electronic) and other matter for making such infringing copies; and that

G.  Pursuant to 17 U.S.C. § 505, Defendants pay to Plaintiffs the cost of this action and Plaintiffs' reasonable attorney's fees; and

H.  For such further relief as the court deems just and proper.

Dated: February 4, 2016

/S/ Kenneth S. Jannette  
Kenneth S. Jannette, Esq.  
Jannette Legal, P.A.  
21 Kercheval Ave., Suite 240  
Grosse Pointe Farms, MI 48236  
Tel: (313) 324-8990